**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KIMBERLY A. HOLLAND** | * | |
| | * | |
| Plaintiff, *pro se*, | * | |
| | * | |
| v. | * | |
| | * | **Civ. No. 8:23-cv-02507-PJM** |
| **TRANSAMERICA LIFE INSURANCE COMPANY,** | * | |
| | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM OPINION**

## I. INTRODUCTION

Kimberly A. Holland, *pro se*, has sued Transamerica Life Insurance Company ("Transamerica"), asserting breach of contract and unjust enrichment claims when Transamerica denied her death benefits under the will of Holland's mother, Sandra N. Wiener. Transamerica has moved to dismiss the Amended Complaint for failure to state a claim. ECF No. 6. Holland has responded[1] and Transamerica has replied. For the following reasons, no hearing being necessary, the Court **GRANTS** the Defendant's Motion to Dismiss (ECF No. 6).

## II. BACKGROUND

In 1984, Monumental Life Insurance Company—now Transamerica Life Insurance Company[2]—issued a life insurance policy to Sandra N. Wiener. ECF No. 3, ¶ 3; *see also* ECF No. 6 Ex. A. Wiener named her daughter, Kimberly Holland, as the beneficiary of the policy. ECF No. 3 ¶ 4. Promptly after the passing of Wiener on July 8, 2016, Holland contacted Transamerica,

[1] Holland sent a letter to the Court, titled "Memorandum of Law to Request Hearing." The letter is responsive to Transamerica's Motion to Dismiss and is therefore treated here as an Opposition. ECF No. 13

[2] In 2014, Monumental Life Insurance Company changed its name to Transamerica Premier Life Insurance Company ("TPLIC"). However, as of 2020, TPLIC is referred to as Transamerica Life Insurance Company. ECF. No. 6 at 3.

claiming the death benefit of $384,000.00. *Id.* at ¶ 4, 9. On November 29, 2016, Transamerica denied the request, stating that the insurance policy had lapsed on July 12, 2015. *Id.* at ¶ 7; ECF No. 6 Ex. A. Transamerica had not, however, provided Holland with any documentation notifying her that the policy had lapsed before it denied her claim. ECF No. 3 at ¶ 7, 11.

Almost seven years later, on August 15, 2023, Holland filed a two-count Amended Complaint against Transamerica in the Circuit Court for Charles County, Maryland. ECF No. 3.[3] Transamerica removed the case to this Court under 28 U.S.C. § 1332. ECF No. 5.

Holland alleges that Transamerica breached the insurance policy with her mother by failing to pay benefits owed to Holland as Wiener's named beneficiary. ECF No. 3 ¶¶ 6–9.

Holland avers that, despite Transamerica's position that Wiener's policy lapsed on July 12, 2015, Transamerica in fact accepted payments from Wiener towards the policy from March 24, 2015, through September 22, 2016. *Id.* at ¶ 12. Additionally, Holland avers that, on May 9, 2021, almost five years later, Transamerica sent Holland a billing notice stating that Transamerica had received a payment of $351.88 towards Wiener's policy. *Id.* at ¶ 13; *see also* ECF No. 11 Ex. A, at 5. Further, Holland states that while Transamerica sent her four letters between May 11 and May 15, 2021, indicating that the automatic premium payments from Wiener's account had ceased, Transamerica did not repeat that the policy had in fact lapsed in July 2015. ECF No. 3 ¶ 14. Based on those post-2016 communications, Holland believes her mother's policy was still in effect as of May 2021, even though Transamerica had denied her claim in 2016. *Id.*

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards," requiring only that a plaintiff submit a "short and plain statement of the claim showing that [she] is entitled to

[3] The initial Complaint—filed on February 27, 2023—was filed against "Transamerica Corporate" in the Circuit Court for Charles County, Maryland. The Amended Complaint renamed the Defendant as Transamerica Corporation.

relief." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing Fed. R. Civ. P. 8(a)(2)). Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim, including claims barred by a statute of limitations. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). A court may grant a motion to dismiss on a statute of limitations defense when a complaint facially asserts a claim barred by the limitation period. *See Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 985 (D. Md. 2002) *aff'd*, 92 F. App'x 933 (4th Cir. 2004).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Although *pro se* litigants are entitled to special solicitude and courts are to construe complaints by an unrepresented party "liberally," this requirement "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). A *pro se* plaintiff must still provide enough evidence to support her claim of relief beyond a reasonable doubt. *See George v. Mass. Mut. Life Ins. Co.*, No. CV ELH-17-1073, 2018 WL 656436, at *4 (D. Md. Feb. 1, 2018).

## IV. ANALYSIS

Transamerica argues that Holland's claims are barred by the statute of limitations. ECF No. 6-1 at 2. Transamerica says it denied Holland's claim for the death benefits in late 2016 but Holland waited until 2023 to bring suit. *Id.*

The life insurance policy in question was issued and signed in Maryland, and the parties agree that Holland's claims are governed by Maryland law. *See Sting Sec., Inc. v. First Mercury Syndicate, Inc.*, 791 F. Supp. 555, 558 (D. Md. 1992). Maryland generally applies a three-year statute of limitations with respect to breach of contract and unjust enrichment claims. *See* Md. Code Ann. Cts. & Jud. Proc. § 5-101; *State Farm Mut. Auto. Ins. Co. v. Slade Healthcare, Inc.*,

381 F Supp. 3d 536, 555 (D. Md. 2019). Thus, Maryland's three-year statute of limitations applies to Count I and Count II of the Complaint. *See* Md. Code Ann. Cts. & Jud. Proc. § 5-101; *State Farm Mut. Auto. Ins. Co.*, 381 F Supp. 3d at 555.

**A.**

A claim that an insurance contract has been breached accrues when the insurer denies coverage. *See Balt. Scrap Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 593–94 (D. Md. 2019); *see also Yates v. W. World Ins. Co.*, No. CV JKB-22-0976, 2022 WL 14758285, at *5 (D. Md. Oct. 25, 2022).

Transamerica argues that Holland's breach of contract claim is clearly barred by the three-year statute of limitations. ECF No. 6-1 at 7. Following the death of Holland's mother in July of 2016, Transamerica indisputably informed Holland that the insurance policy ended mid-2015. *Id.* at 8. Thus, the cause of action accrued when Transamerica refused to pay the death benefit in 2016. *Id.*

Holland claims that the statute of limitations period restarted in 2021, essentially out of the blue, when Transamerica sent her correspondence consisting of a billing notice and payment receipt of $351.88 for her mother's policy. ECF No. 13 at 2. However, Maryland courts have found that continued contact with the insurer does not in and of itself toll the limitation period. *See Cardin v. Pac. Emps. Ins. Co.*, 745 F. Supp. 330, 334–35 (D. Md. 1990) (finding negotiations and subsequent communication between parties, after insurer rejected payment did not extend limitation period); *see also Balt. Scrap Corp.*, 388 F. Supp. 3d at 593 (finding the insurer's indication it may reconsider the denial of coverage if provided with new or additional information did not toll the statute of limitations because it did not prevent the plaintiff from seeking to enforce the contract).

Additionally, Holland points to the fact that Transamerica sent a billing notice to her deceased mother in May 2021. ECF No. 3 ¶ 13. Transamerica submits that the 2021 billing notice was sent in error, ECF No. 16 at 2 n.2, and that, even though Wiener's automatic payments continued after 2015 when the policy purportedly lapsed, i.e., until Wiener's death in 2016, after that, no payments were made towards the policy. *See id.* at 2. Moreover, the letter Transamerica sent to Holland on November 29, 2016, denying her request for the death benefits clearly stated the policy had lapsed in 2015. ECF Nos. 3 ¶ 7, 6-1 at 1. Thus, whether as of 2015 or 2016 Holland had knowledge of any right she may have had to sue well before she received the billing notice in 2021.

Maryland's discovery rule holds that a breach of contract claim is tolled when a party "neither knows nor reasonably should have known of a breach." *Curry v. Trustmark Ins. Co.*, 600 F. App'x 877, 884 (4th Cir. 2015) (citing *Poffenberger v. Risser,* 431 A.2d 677, 680 (Md. 1981)). But the discovery rule has no application in this case. Holland admits she made a claim for the death benefits and that Transamerica denied that claim on November 29, 2016. ECF No. 13 at 1. Holland even admits that she retained counsel shortly after Transamerica denied her claim. *See* ECF No. 3 ¶ 7, 8; ECF No. 6-3. Holland was thus aware of the breach in 2016 and should have brought suit no later than three years later in 2019. *See George*, 2018 WL 656436, at *8 (finding plaintiff had subjective notice of breach of contract following defendant's letter denying insurance benefits)

In sum, Holland's the breach of contract claim accrued on November 29, 2016, but she did not file suit until February 2023. The statute of limitation bars her claim.

**B.**

Maryland's three-year limitation period applies to Holland's unjust enrichment claim as well. As well the breach of contract claim, an unjust enrichment claim also accrued when Transamerica denied Holland's claim to the death benefit in November 2016. ECF No. 6 at 9. Accordingly, Holland's unjust enrichment claim is also untimely. *See* Md. Code Ann. Cts. & Jud. Proc. § 5-101; *State Farm Mut. Auto. Ins. Co.*, 381 F Supp. 3d at 555.

## V. CONCLUSION

Accordingly, the Court **ORDERS** that Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED**.

A separate Order will **ISSUE**.

March 12, 2024

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**